ORDER

DARRELL R. MATLOCK, JR., Justice.
NOW ON THIS 6th day of April, 2001, the Petitioner, Billy Ray McCoy’s Motion to Reset on Judicial Appeals Docket comes on for hearing before the Judicial Appeals Tribunal; the Petitioner appears by and through his attorney of record, Terry D. Bigby; and, A.J. Garcia, legal intern, by permission of the Judicial Appeals Tribunal; and, Respondent, Cherokee Nation, is represented by A. Diane Hammons.
The Petitioner filed his petition before the Judicial Appeals Tribunal on September 14, 2000, alleging he had been employed by the Cherokee Nation as a Residential Living Supervisor in the Talking Leaves Job Corps, in excess of one year. That on August 4, 2000, he was wrongfully terminated and additionally suspended for 5 days without pay.
The case was initially assigned to Justice Darell R. Matlock, Jr. pursuant to JAT Rule 3(a).
Justice Matlock entered an order on September 15, 2000 transferring the case to the Employee Appeals Board pursuant to Article XII of the Constitution of the Cherokee Nation (1975) and Title 51, Chapter Ten Section 1001 et seq. of the Cherokee Nation Code Annotated for further proceedings.
The Employee Appeals Board proceeded to set the case for hearing and the Petitioner requested a stay from those proceedings to purse his Motion to Reset on Judicial Appeals Docket.
This hearing is before the entire Court as per order entered November 27, 2000.
*2 The parties through their presentations stipulated as follows:
1. That Petitioner, Billy Ray McCoy had been an employee of the Cherokee Nation serving in the position of Residential Living Supervisor for more than one year at the time of his demotion to Recreation Specialist and suspended without pay for 5 days on the 4th day of August, 2000.
2. That the Petitioner’s demotion was a disciplinary action causing a reduction in pay.
3. That Petitioner properly appealed the demotion and suspension on August 7, 2000 to the Executive Director of Community Development.
4. That the Executive Director of Community Development denied the Petitioner’s Appeal on August 21, 2000.
5. That Petitioner properly pursued his appeal to the Human Resources Executive Director on August 25, 2000.
6. That the Human Resources Executive Director denied Petitioner’s appeal and upheld the disciplinary action on August 29, 2000.
The dispositive issues before the Judicial Appeals Tribunal are (1) whether a disciplinary demotion in employment position to a lesser position with reduction in pay is a taking of property rights, and, (2) whether the aggrieved employee is denied due process by the procedure set forth in the Cherokee Nation Human Resources Policies and Procedures, and, (3) whether an employee aggrieved by demotion rather than removed from employment of the Cherokee Nation has an absolute right to invoke the original jurisdiction of the Judicial Appeals Tribunal. The Court answers questions one and two in the affirmative and the third in the negative.
(1) An employee of the Cherokee Nation who has served in a position at least one (1) year acquires a property right. Article XII of the Constitution of the Cherokee Nation of Oklahoma 1975 guarantees the continued employment of employees except for cause.
(2) The Petitioner was demoted and received a reduction in pay as a result of a disciplinary proceeding involving the allegation of “sexual harassment in the workplace” which under Chapter III Section (E)(B)(28) of the Human Resources Policies and Procedures has a recommended penalty of dismissal or in lieu of the recommended disciplinary action the supervisor/manager, in his or her discretion may impose an involuntary demotion. Chapter III Section E(C)(5) of the Cherokee Nation Human Resources Policies and Procedures sets forth the Proposition that “the decisions of the Human Resources Director shall be final and binding.” The Court finds that the disciplinary action of the Petitioner involuntary demotion and reduction of pay falls within a “constructive termination” concept. By reason of “constructive termination” the Petitioner should have been advised of his rights to appeal which includes an appeal to the Employee Appeals Board as per Chapter III Section E(A)(4)(f) of the Human Resources Policies and Procedures. Article II of the Constitution of the Cherokee Nation of Oklahoma of 1975 guarantees “The judicial process of the Cherokee nation shall be open to every member of the Cherokee Nation.” “Speedy and Certain remedy shall be afforded .... for every •wrong and injury to .... property or reputation. ...”. “The Council shall prescribe the procedures pertinent thereto.” The Council enacted Title 51 Section 1001 et seq. of the Cherokee Nation Code to establish due process for aggrieved citizen employees terminated from employment.
(3) Article XII of the Constitution of the Cherokee Nation of Oklahoma 1975 *3 does give original jurisdiction to the Judicial Appeals Tribunal concerning employees who have served in a position at least one (1) year and have been removed from employment of the Cherokee Nation. However, the Petitioner has not been [removed] from employment of the Cherokee Nation.
The Council has provided extensive administrative relief for aggrieved terminated employees by enacting the “Employees Administrative Procedures Act”.
IT IS THEREFORE ORDERED by the Judicial Appeals Tribunal that Petitioner’s Motion to Reset on Judicial Appeals Docket is denied.
IT IS FURTHER ORDERED by the Court that the Employee Appeals Board has jurisdiction to determine the merits of the Petitioner’s complaint concerning his demotion and suspension under Title 51 Chapter 10 Section 1001 et seq. of the Cherokee Nation Code, and, the case is remanded to the Employee Appeals Board for further proceedings consistent with this Order.
Concurring: Chief Justice DARRELL DOWTY, Justice PHILIP H. VILES, JR.